UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALLCO FINANCE LIMITED,<br><br>     Plaintiff,<br>  v.<br><br>ROBERT KLEE, in his official Capacity as Commissioner of the CONNECTICUT DEPARTMENT OF ENERGY AND ENVIRONMENTAL PROTECTION and ARTHUR HOUSE, JOHN W. BETKOSKI III and MICHAEL CARON, in their Official Capacity as Commissioners of the CONNECTICUT PUBLIC UTILITIES REGULATORY AUTHORITY,<br><br>     Defendants. | Civil Action No.<br>3:15 - CV - 608 (CSH)<br><br><br><br><br>MARCH 17, 2016 |

## MEMORANDUM AND ORDER

**HAIGHT, Senior District Judge:**

The purpose of this Memorandum and Order is to initiate consideration of the present status of the captioned case.

Plaintiff Allco Finance Limited ("Allco") is the owner, operator and developer, in several states, of various solar projects that are "qualifying facilities," a phrase derived from the federal Public Utility Regulatory Policies Act ("PURPA"). PURPA, codified in part at 16 U.S.C. § 824a-3, is one of several amendments to the Federal Power Act, 16 U.S.C. §§ 791-828. "Qualified facilities" are power production facilities that have no more than 80 megawatts of capacity and use renewable generation technology. While the Federal Power Act gives the Federal Energy Regulatory Commission ("FERC") exclusive authority to regulate sales of electricity at wholesale in interstate

1

commerce, PURPA contains an exception which permits states to regulate wholesale sales by qualifying facilities, in manners that comply with the federal statutory and regulatory scheme.

In 2013, Connecticut exercised its PURPA-granted regulatory authority by enacting a statute that empowered the state's Commissioner of the Department of Energy and Environmental Protection to solicit proposals for renewable energy, select winners of the solicitation, and direct Connecticut's utilities to enter into wholesale energy contracts with the chosen winners. *See* Act Concerning Connecticut's Clean Energy Goals, 2013 Conn. Acts 13-303, § 6.

Allco filed its complaint in this action [Doc.1] on April 26, 2015. The defendants, sued in their official capacities, are Robert Klee, the Commissioner of the Connecticut Department of Energy and Environmental Protection ("the Department" or "DEEP"); and the three Commissioners of the Connecticut Public Utilities Regulatory Authority ("PURA"): Arthur House, John W. Betkoski III, and Michael Caron. The defendants are separately represented by different Assistant Attorneys General of the Connecticut Attorney General's Office. I will refer to them respectively as "Klee" and "the House defendants."

According to the complaint at §§ 29-35, in February 2015 the Department issued a draft request for proposals pursuant to the 2013 Connecticut Act. The Department stated that it planned to issue the final request for proposals in the spring of 2015 and compel wholesale energy transactions soon after it completed its review of those proposals. Allco's April 2015 complaint challenges those proposed state actions and seeks declaratory and injunctive relief that would prevent the defendants from soliciting proposals for, and thereafter compelling, interstate wholesale energy transactions. The theory of Allco's case is that the state defendants' intended actions violate the United States Constitution and the Federal Power Act. Subject matter jurisdiction in this Court is

alleged under 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

As the complaint notes at 2 n. 1, Allco had complained in this Court of "substantially identical conduct" by the state defendants with respect to an earlier solicitation for proposals in 2013. That separate action came before District Judge Arterton: *Allco Finance Ltd. v. Klee*, No. 3:13-cv-1874 (JBA). Judge Arterton dismissed the action on defendants' motion. Allco appealed that dismissal to the Second Circuit. The appeal was pending when Allco filed its April 2015 complaint in the case at bar, targeting the intended 2015 proposals.

In the case at bar, Klee and the House defendants have moved separately to dismiss Allco's complaint for lack of subject matter jurisdiction and failure to state a claim. The main briefs, opposing brief, and reply briefs on these motions together total 154 pages: counsel do not take these issues lightly.

The reply briefs were filed on August 7, 2015. The motions to dismiss are *sub judice*. Since the reply briefs were filed, two developments of seeming significance have occurred (made a part of the record by defendants' notices of additional authority).

The first development is the Second Circuit's opinion on the appeal from Judge Arterton's dismissal of Allco's action arising out of the 2013 proposals. The Second Circuit's revised opinion (there was an earlier withdrawn one) is dated November 6, 2015 and reported at 805 F.3d 89 (2d Cir. 2015). The court of appeals affirmed Judge Arterton's judgment of dismissal, albeit on different grounds, Chief Judge Katzmann taking the opportunity to remind us that "we are entitled to affirm the judgment on any basis that is supported by the record." 805 F.3d at 93.

The second development is the FERC's Notice of Intent Not to Act issued on January 8, 2016 [Doc. 33-1]. That notice relates to Allco's earlier action against these defendants in respect of the

3

2013 proposals that came before Judge Arterton. In the case at bar, counsel for Klee say in their Third Notice of Additional Authority [Doc. 33] at 2 that a provision in the PURPA "permits FERC the opportunity to either initiate enforcement against the state regulatory authority, or decline to do so, thereby enabling Allco to bring suit against the state regulatory authority in District Court." Counsel continue:

> After dismissal by the Second Circuit Court of Appeals, Allco petitioned FERC to initiate enforcement proceedings against DEEP and PURA. In the attached Notice of Intent Not To Act, FERC declined to do so. Consequently, Allco may now bring action against the state regulatory authority regarding the 2013 procurement in District Court, provided all jurisdictional prerequisites are met.
>
> Count I of the instant case relates to a future procurement [the 2015 procurement] to be conducted by DEEP, and potential future action by PURA (provided DEEP finds projects acceptable under the terms of the RFP and an application is filed at PURA). The attached Notice demonstrates the statutory procedure Allco should have followed to bring the instant action, but failed to pursue.

*Id*.

There has been no action in the instant case since the filing of that Third Notice of Additional Authority on January 22, 2016. These two most recent events give rise to these questions:

1. What effect, if any, does the Second Circuit's opinion in the 2013 proposals case, 805 F.3d 89, have upon the defendants' pending motions to dismiss Allco's complaint in the case bar, the 2015 proposals case?

2. Does Allco intend to petition the FERC, as it did following the appeal in the 2013 case, to initiate enforcement proceedings against DEEP and PURA in the 2015 case? And if Allco makes such a petition, and the FERC declines to take action, would Allco then bring an action against the state regulatory authority for appropriate relief?

      3.  In the totality of circumstances, including those referred to in Questions 1 and 2, what are counsel's perceptions as to what should happen next in this case?

      Counsel are directed to send letters to the Court, with copies to each other, addressing these questions and others that may occur to counsel, so that the present status of the case and its further governance may be discerned.  Those letters should reach the Court not later than **March 30, 2016**. A telephone conference between the Court and counsel will then be arranged by Chambers.  Given the presence in the case of out-of-state counsel, we will proceed by way of telephone conference in order to minimize expense to the parties.

      The foregoing is SO ORDERED.

Dated:  New Haven, Connecticut
        March 17, 2016

                                        */s/Charles S. Haight, Jr.*
                                        CHARLES S. HAIGHT, JR.
                                        Senior United States District Judge